crease; and Otoe County, with a 25.61, received a 7 percent decrease.

CARTER, J., joins in this dissent.

IN RE VALUATION AND EQUALIZATION OF REAL PROPERTY IN THE STATE OF NEBRASKA FOR 1965.
COUNTY OF BROWN, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEBRASKA, APPELLEE.

143 N. W. 2d 896

Filed July 1, 1966. No. 36180.

Samuel C. Ely, J. Marvin Weems, and C. Russell Mattson, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and DITTRICK, District Judge.

BOSLAUGH, J.

This is an appeal by Brown County, Nebraska, from the order of the State Board of Equalization and Assessment increasing the valuation of rural land and improvements as shown by the 1965 abstract of assessment for Brown County.

The county contends that the order of the state board should be reversed because the hearing order and notice issued by the state board did not comply with the statute; that the board should not have directed that the valuation of rural property in Brown County be increased; and that the order of the board discriminates against the rural property owners in Brown County.

Section 77-508, R. R. S. 1943, provides that if the state board finds that it is necessary to increase or decrease the valuation of real or personal property as returned by any county, the board shall set a date for hearing and issue a notice to the counties which the board deems either undervalued or overvalued. The county contends that the statute requires the state board to first determine which counties are undervalued or overvalued, and then notify those counties to appear before it to show cause why the valuation of the property in their counties should not be changed.

The procedure which the state board adopted was to direct the Tax Commissioner to notify all counties to appear before the state board for a hearing regarding the valuation of urban and rural real estate and show cause why the valuations of that class of property should not be increased or decreased as might be found necessary to equalize the assessment of the various counties of the state.

The representatives of Brown County appeared before the state board and participated in the hearing without making any objection in regard to the notice that had been issued by the board. Although we are now of the opinion that a notice issued pursuant to sections 77-508, R. R. S. 1943, and 77-509, R. S. Supp., 1963, should specify the percentage adjustment which the state board proposes to make in that county, the county cannot object to the notice for the first time in this court. See County of Lancaster v. State Board of Equalization & Assessment, post p. 497, 143 N. W. 2d 885.

The order of the state board directed that the valua-

tion of rural property in Brown County, as reflected by the 1965 abstract of assessment, be increased 50 percent.

The testimony with respect to Brown County shows that the county was reappraised in 1960; that the rural property was valued upon the basis of the type of soil rather than productivity; that since that time the county has hired professional appraisers to appraise new property and improvements; that the county adopted 82 percent of all appraised value as actual value; that the land along the county line in adjacent counties is assessed approximately the same as the land in Brown County along the county line when the quality and type of land involved are considered; that the sales-assessment ratio for Brown County is 16.42 for rural and 25.76 for urban; that there has been an increase in the sale price of real estate since 1960; that most sales of rural property are of tracts which were purchased as additions to operating units; that there has been an increased demand for residence property by persons in the medium income bracket which has resulted in an increased sale price for homes in the $9,000 price range; and that the more expensive homes sell at approximately the value at which they were appraised.

The evidence relating to the sales-assessment ratio indicates that some increase in the value of rural real estate in Brown County should have been made. The increase which was made brought the sales-assessment ratio for rural property in Brown County to within approximately 1 percent of the sales-assessment ratio for urban property in the county. The sales-assessment ratio for rural property in Brown County, after the increase, appears to be below the average or median ratio for all counties as adjusted by the state board.

The county contends that the increase in the valuation of rural property only will result in a discrimination against the rural property owners. The contention is based upon the assumption that the values established by the 1960 appraisal have continued the same, or in-

creased by the same proportion. The evidence relating to the sales-assessment ratio indicates that the values were not proportionate in 1965 and that rural property in Brown County, generally, was undervalued in comparison to urban property.

Upon consideration of the entire record, we are unable to say that the action of the State Board of Equalization and Assessment, so far as Brown County is concerned, was arbitrary and capricious or prejudicial. The order is, therefore, affirmed.

AFFIRMED.

SPENCER, J., dissenting.

I respectfully dissent herein, and incorporate herein by reference the dissent filed in County of Lancaster v. State Board of Equalization & Assessment, *post* p. 497, 143 N. W. 2d 885.

Additionally, I make the following observations. The Tax Commissioner's figures for this county are: Rural—16.42; urban—25.76. The rural figure was increased 50 percent. Brown County had a scientific appraisal in 1960, and it has been kept current by a representative of the Brandt Appraisal Company. The perimeter figures would indicate that Brown County land is valued higher than the adjoining counties where the land is comparable. The evidence indicates that 32,000 acres are being leveled for irrigation purposes, but until the development is in operation the land is less valuable than it was in its original state. There is nothing in the record pertaining to the rural sales used or the number of them, so it is impossible to know how the figure given was determined. It does test credulity, however, to believe that actual rural values in Brown County could have increased 50 percent in 5 years, if the 1960 scientific appraisal in any way reflected actual value.

CARTER, J., joins in this dissent.